# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAROL CARR, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 11-1035-GPM |
| | ) |
| STURM FOODS, INC. and TREEHOUSE FOODS, INC., | ) ) |
| | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Upon the December 22, 2011 reassignment to the undersigned Judge, the Court reviewed the complaint in this case to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Johnson v. Wattenbarger,* 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction."); *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986 ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."). In light of Seventh Circuit Court of Appeals opinions, *see, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam), this Court

has undertaken a more rigorous initial review of complaints to ensure that jurisdiction has been properly pleaded. Plaintiff has chosen the federal court for this class action claim, and must establish federal jurisdiction. *See Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 447 (7th Cir. 2005).

Plaintiff brings this consolidated action on her behalf and on behalf of a putative class pursuant to the Court's original jurisdiction under 28 U.S.C. § 1332(d)(2). Section 1332(d) applies to class actions and § 1332(d)(2) gives the district courts "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000" and is a class action in which, applicable here, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). The class must also contain at least 100 members. 28 U.S.C. § 1332(d)(5)(B); *see also In re Safeco Insurance Company of America,* 585 F.3d 326, 330 (7th Cir. 2009). Here, Plaintiff properly alleges that the amount in controversy exceeds $5,000,000, and claims that there are "tens of thousands if not hundreds of thousands of Class members." However, Plaintiff's allegation of her citizenship is defective. The blanket assertion that 'Plaintiff's citizenship is different than the citizenship of at least one Defendant' is insufficient.

Plaintiff Carol Carr identifies herself as a "resident of the State of Tennessee" (Doc. 2). An allegation of "residence" as opposed to "citizenship" is insufficient. *See Pollution Control Industries of America, Inc. v. Van Gundy,* 21 F.3d 152, 155 (7th Cir. 1994). "[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff is **ORDERED** to file an **Amendment** to the Complaint (as opposed to an Amended Complaint) **on**

**or before January 30, 2012**, to adequately establish Plaintiff's citizenship. If Plaintiff fails to file an Amendment to the Complaint that properly alleges minimal diversity of the parties in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish federal subject matter jurisdiction, the Court will dismiss the action for lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "it is not the court's obligation to lead [parties] through a jurisdictional paint-by-numbers scheme. Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear").

**IT IS SO ORDERED.**

DATED: January 12, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge